UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eric Wilson,

          Plaintiff,        Case No. 24-cv-12063

v.                                Judith E. Levy
                                United States District Judge

Kelley, *et al.*,

                                Mag. Judge Elizabeth A. Stafford

          Defendants.

_____/

ORDER TRANSFERRING THE CASE TO
THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

    Plaintiff Eric Wilson filed a complaint under 42 U.S.C. § 1983 in which he alleges violations of his "rights guaranteed by the First Amendment." (ECF No. 1, PageID.1; *see id.* at PageID.7–9.) Plaintiff is self-represented. (*Id.* at PageID.1.) He is currently incarcerated at Ionia Correctional Facility in Ionia, Michigan. (ECF No. 5.) According to the complaint, Defendants "Unknown Captain Kelley," "Unknown Lt. S. Rykes," Rebecca Wood, and "Unknown Mahalic" are Michigan Department of Corrections officers who worked at Ionia Correctional Facility at the time of the alleged violations. (ECF No. 1, PageID.2.)

Plaintiff indicates in the complaint that each Defendant is sued in their individual capacity. (*Id.*) The events giving rise to his claims took place at Ionia Correctional Facility. Having reviewed the complaint, the Court concludes that venue is not proper in this district. The Court transfers the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).[1]

"Venue is [generally] governed by 28 U.S.C. § 1391." *Fam. Wireless #1, LLC v. Auto. Techs., Inc.*, No. 15-11215, 2015 WL 5142350, at *4 n.3 (E.D. Mich. Sept. 1, 2015). Section 1391(b)(1) provides for "residential venue," and § 1391(b)(2) provides for "transactional venue."[2] 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.*

---

[1] Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[2] Section 1391(b)(3) allows a third option for venue that is referred to as "fallback venue." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2024). Under § 1391(b)(3), if there is no district that meets the requirements of residential or transactional venue, a case may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3); *see* 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2024). "Section 1391(b)(3) applies *only* if there is no federal district that will satisfy either the residential venue or transaction venue provisions." 14D Charles Alan Wright, et al., *Fed. Prac. & Proc. Juris.* § 3806.1 (4th ed. 2024) (emphasis in original); *see* 14D Charles Alan Wright

§ 3804 (4th ed. 2024). "[T]he plaintiff may choose to lay venue in any district that satisfies either provision." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3806 (4th ed. 2024).

Under § 1391(b)(1)—the residential venue provision—a plaintiff may bring a case in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). An individual is "deemed to reside in the judicial district in which that person is domiciled." *Id.* § 1391(c)(1). Under § 1391(b)(2)—the transactional venue provision—a plaintiff may bring a case in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.* § 1391(b)(2).

If venue is improper in the district where a case is filed, but would be proper in a different district, "a district court has the power to sua sponte transfer [the] case" under § 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *see Flynn*

---

et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2024) ("Plaintiff can use Section 1391(b)(3) only when it is impossible to use either of the first two options."). Here, the Western District of Michigan satisfies the transactional venue provision, as set forth below. Thus, "the fallback venue provision is absolutely irrelevant." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3806.1 (4th ed. 2024).

3

*v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 738 (6th Cir. 2003) ("Congress has enacted a number of statutes"—including § 1406(a)— "that give federal courts the power to transfer cases *sua sponte*."). Section 1406(a) provides that "cases should be transferred only when it is in the interests of justice." *Flynn*, 95 F. App'x at 738; *see* 28 U.S.C. § 1406(a). The transfer is "to any district or division in which [the case] could have been brought." 28 U.S.C. § 1406(a). "Transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds." *Flynn*, 95 F. App'x at 741 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

Here, venue is not proper in the Eastern District of Michigan. The complaint names four Defendants, all of whom Plaintiff sues in their individual capacities. (ECF No. 1, PageID.2.) Plaintiff identifies Defendants as Michigan Department of Corrections' employees who worked at Ionia Correctional Facility "during the time of the[ ] [alleged] violations." (*Id.*) But there is no allegation in the complaint that Defendants are domiciled in the Eastern District of Michigan. *See* 28 U.S.C. § 1391(b)(1), (c)(1). Nor does the complaint allege that "a

4

substantial part of the events or omissions giving rise to the claim[s] occurred" in the Eastern District of Michigan. *See id.* § 1391(b)(2). Therefore, the residential and transactional venue provisions are not satisfied with respect to the Eastern District of Michigan.

However, venue is proper under the transactional venue provision in a different district: the Western District of Michigan. *See id.* Plaintiff's claims arise from events that occurred at Ionia Correctional Facility. That facility is located in Ionia County, which is in the Western District of Michigan. *See id.* § 102(b)(1).

In sum, the Eastern District of Michigan is not a proper venue for this case. Because the events giving rise to Plaintiff's claims took place in the Western District of Michigan, venue is proper in that district.[3]

---

[3] The Court would reach the same conclusion even if Plaintiff intended to sue each Defendant in an official capacity. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."); *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 676 (6th Cir. 2018) ("[W]e liberally construe pro se filings . . . and hold such complaints 'to less stringent standards.'" (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011))). "Where a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties." *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (quoting 1 Moore's Federal Practice 1487–88). Based on the allegations in the complaint, Defendants performed their official duties at Ionia Correctional Facility, which is in the Western District of Michigan—not the Eastern District of Michigan—as noted above. (ECF No. 1, PageID.2.) *See* 28 U.S.C.

*See id.* § 1391(b)(2). The Court finds that it is in the interest of justice to transfer the case to the Western District of Michigan. *See id.* § 1406(a).

Accordingly, the Clerk of Court is ordered to transfer this case to the United States District Court for the Western District of Michigan.

IT IS SO ORDERED.

Dated: October 17, 2024       s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2024.

                                          s/Teresa McGovern
                                          TERESA MCGOVERN
                                          Case Manager

---

§ 102(b)(1). There is no indication that Defendants no longer work at that facility. Thus, if sued in their official capacities, Defendants would be deemed to reside in the Western District of Michigan for venue purposes. Venue would therefore be proper in the Western District of Michigan. *See* 28 U.S.C. § 1391(b)(1).

6